# UNITED STATES DISTRICT COURT
# OF THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DARLENE CASIMIR, as Personal Representative of the Estate of ALVIN CASIMIR, JR., <br><br> Plaintiff, <br><br> vs. <br><br> REMINGTON ARMS COMPANY, LLC, SPORTING GOODS PROPERTIES, INC., and E.I. DuPONT DE NEMOURS AND COMPANY, <br><br> Defendants. | CASE NO. 2:12-cv-01107-JM <br><br> ORDER DENYING RULE 56(D) MOTION; GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; DISMISSING ACTION AS TIME-BARRED |

Defendants Remington Arms Company, LLC, Sporting Goods Properties, Inc., and E.I. Dupont De Nemours and Company (collectively "Defendants") move to dismiss the complaint or, alternatively, for summary judgment based upon the statute of limitations. In response to the motion, Plaintiff Darlene Casimir, as personal representative of the Estate of Alvin Casimir, Jr. ("Plaintiff"), filed the First Amended Complaint ("FAC") as a matter of right pursuant to Fed.R.Civ.P. 15(a)(1). In response to the motion for summary judgment, Plaintiff moves, pursuant to Fed.R.Civ.P. 56(d), for leave to propound discovery on Defendants. Pursuant to Civil Rule 7(b)(4), the court finds the matters presented appropriate for decision without oral argument. For the reasons set forth below, the court denies Plaintiff's Rule 56(d) motion, finds the action time-barred by RCW 7.72.060(2), and grants summary judgment in favor of Defendants and against Plaintiff.

**BACKGROUND**

<u>The Complaints</u>

On June 27, 2012, Plaintiff commenced this diversity action alleging five causes of action arising under Washington State law for strict liability, strict liability failure to warn, negligent design and manufacture, negligent failure to warn, and spoliation of evidence. (Ct. Dkt. 1). The FAC, filed on September 4, 2012, alleges four causes of action for (1) manufacturer liability under RCW 7.72.030(1)(a) - product not safe as designed; (2) manufacturer liability under RCW 7.72.030(1)(b) - inadequate warning; (3) manufacturer liability under RCW 7.72.030(1)(c) - inadequate warnings not provided after product manufactured and Defendants learned of danger; and (4) strict liability under RCW 7.72.030(2)(a)(b)(c) - not reasonably safe in construction or failure to conform to express or implied warranties. (FAC ¶26-47).

Plaintiff's claims arise from the discharge of a Remington Model 700 ADL, .270 caliber bolt action rifle. On November 29, 2000 Plaintiff's father, Alvin Casimir, Jr., was deer hunting with his step-father Michael Wilson and his son, Randy Wilson, in Whatcom County, Washington. (FAC ¶17). At the end of the hunt, the three men returned to the truck. Michael Wilson was standing by the open passenger door and Alvin Casimir by the open driver's door. Michael Wilson pointed the rifle at the interior of the truck as he attempted to unload the rifle. In order to unload the rifle, the safety had to be switched to the "fire" position in order for the bolt to move.

> It further required him to pull the bolt back (or open the bolt) in order to eject the round that was in the chamber. . . . Since the rifle had been loaded with a second round Michael Wilson then had to slide the bolt forward (or close the bolt) in order to chamber the second round. He would then pull the bolt back so that the second round would eject from the rifle just as the first one had done. However, as Michael Wilson was pushing the bolt forward to chamber the second round, while his hand and fingers were nowhere near the trigger, the rifle fired striking Alvin Casimir, Jr., who had begun to climb into the driver's side of the truck, in the right pelvic region.

(FAC ¶18). Defendants allegedly termed this type of incident "FBC" or "Fire on Bolt Closure." (FAC ¶19).

After Alvin Casimir Jr. was shot, emergency personnel were summoned and transported him to St. Joseph hospital. Alvin Casimir, Jr. died about ten hours later. (FAC ¶20). Alvin Casimir, Jr. was 42 years old at the time of his death and had five natural children.

About one year later in November 2001, Michael Wilson and his wife, Jeannette, allegedly

called Remington Arms and described the shooting incident. They were told by an unidentified individual that "they had never heard of any problems like this and that Wilson must be to blame for the shooting. Wilson passed this information to the survivors of Alvin Casimir, Jr." (FAC ¶21). Plaintiff alleges that Remington Arms engaged in deceptive concealment of the information concerning the alleged defect with the rifle and therefore Plaintiff "never pursued the question of whether the rifle itself might have been the cause of the fatal accident." (FAC ¶22).

"In late 2010, Plaintiff, the deceased's daughter, watched a CNBC television show called 'Remington Under Fire,' which discussed the problems people were having with Remington Model 700 rifles firing without anyone pulling the trigger." (FAC ¶23). This is allegedly the first time Plaintiff learned of the defects with the Remington Model 700 rifle. (FAC ¶24).

Procedural History

In response to the filing of the original complaint, Defendants filed a motion to dismiss directed at that pleading arguing, among other things, that Plaintiff's claims were time-barred by the applicable three year limitations period. In response to the motion to dismiss the original complaint, on September 14, 2012 Plaintiff filed the FAC as a matter of right pursuant to Fed.R.Civ.P. 15(a)(1).[1]

Following recusal of the district judges in the Western District of Washington, on October 9, 2012, the Ninth Circuit designated the undersigned for all further proceedings in this case. On October 24, 2012, the court conducted a telephonic status conference with all parties to this action. At that time, both parties represented that the pending Fed.R.Civ.P. 12(b)(6) motion had been converted to a motion for summary judgment pursuant to Fed.R.Civ.P. 12(d) with respect to the statute of limitations period. (RT at p.6:11-20). The parties also represented that the motion to dismiss or for summary judgment, while addressing the original complaint, applies equally to the FAC on the statute of limitations issue. Accordingly, the following discusses the Rule 56(d) motion and the motion for summary judgment on the statute of limitations issue.

/ / /

/ / /

---

[1] The court notes that the filing of an amended operative pleading ordinarily moots any pending motion to dismiss.

**DISCUSSION**

Legal Standards

**Rule 56(d)**

Pursuant to Rule 56(d), the court may permit a party to conduct limited discovery when "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed.R.Civ.P. 56(d). "The requesting party must show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." Family Home and Finance Center, Inc. v. Federal Home Loan Mortg. Corp., 525 F.3d 822, 827 (9th Cir. 2008).

**Motion for Summary Judgment**

A motion for summary judgment shall be granted where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Prison Legal News v. Lehman, 397 F.3d 692, 698 (9th Cir. 2005). The moving party bears the initial burden of informing the court of the basis for its motion and identifying those portions of the file which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). There is "no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials negating the opponent's claim." Id. (emphasis in original). The opposing party cannot rest on the mere allegations or denials of a pleading, but must "go beyond the pleadings and by [the party's] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324 (citation omitted). The opposing party also may not rely solely on conclusory allegations unsupported by factual data. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

The court must examine the evidence in the light most favorable to the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Any doubt as to the existence of any issue of material fact requires denial of the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). On a motion for summary judgment, when "'the moving party bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence

were uncontroverted at trial.'" Houghton v. South, 965 F.2d 1532, 1536 (9th Cir. 1992) (emphasis in original) (quoting International Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1264-65 (5th Cir. 1991), cert. denied, 502 U.S. 1059 (1992)).

The court first reviews the prerequisites to applying the fraudulent concealment doctrine to the three year statute of limitation and then the parties' Rule 56 arguments.

The Statute of Limitations

Absent tolling, the parties generally agree that Plaintiff's claims arising from the November 29, 2000 incident are barred by the three year statute of limitations. RCW 7.72.060(3). "The purpose of the statutes of limitations is to shield defendants and the judicial system from stale claims. When plaintiffs sleep on their rights, evidence may be lost and memories may fade." Burns v. McClinton, 135 Wash.App. 285, 293 (2006). In the ordinary case, the statute commences to run once a plaintiff has notice "of facts sufficient to prompt a person of average prudence to inquire into the presence of an injury." Mayer v. City of Seattle, 102 Wash.App. 66, 75 (2000); Reichelt v. Johns-Manville Corp., 107 Wn.2d 761, 765 (1987) (cause of action accrues when plaintiff knew or should have known essential elements of cause of action and "discovery rule does not require knowledge of the existence of a legal cause of action"). A party is under an obligation to "exercise reasonable diligence in pursuing a legal claim. If such diligence is not exercised in a timely manner, the cause of action will be barred by the statue of limitations." Clare v. Saberhagen Holdings, Inc., 129 Wash.App. 599, 603 (2005). Plaintiff bears the burden of demonstrating that the facts constituting the claim could not have been discovered by the exercise of due diligence within the limitations period. G.W. Constr. Corp. v. Professional Serv. Indus. Inc., 70 Wash.App. 360, 367 (1993).

Here, Plaintiff alleges that Defendants fraudulently concealed the defects with the Remington Model 700 and therefore she could not have commenced this action within three years of the incident. (FAC ¶¶33-45). "To prove fraudulent concealment, the plaintiff must show (1) the plaintiff exercised due diligence in trying to uncover the facts, and (2) the defendant engaged in affirmative conduct that would lead a reasonable person to believe that no claim of fraudulent concealment existed." August v. U.S. Bancorp, 146 Wash.App. 328, 347 (2008) (citing Nordhorn v. Ladish Co., 9 F.3d 1402, 1406 (9th Cir. 1993)). In the absence of a fiduciary relationship, "silence or passive conduct by a defendant

1  is not fraudulent." Id.  Stated another way, the "affirmative act of concealment requires 'actual
2  subjective knowledge by the defendants of the wrong done, i.e., scienter, and some affirmative action
3  on his part in concealing the wrong.'" id. (quoting Taylor v. Wilmington Med. Ctr. Inc., 538 F.Supp.
4  339, 342 (D. C. Del. 1982)).

5  Plaintiff, who has the burden of coming forward with evidence to raise a genuine issue of
6  material fact with respect to the three year statute of limitations, seeks additional time to discover
7  evidence in support of her fraudulent concealment argument. Plaintiff seeks to propound 36 document
8  requests and to take the depositions of at least two Rule 30(b)(6) deponents.[2] (Motion at pp. 3-14).
9  The proposed document requests and the depositions relate almost entirely to information concerning
10 Defendants' knowledge of the alleged defects with the Remington Model 700.

11 Plaintiff contends that the affidavit of Darlene Casimir establishes essential specific facts she
12 anticipates will establish grounds for denying the motion for summary judgment. Plaintiff declares
13 that, within about one year of the accident in November 2001, her grandparents

> called Remington to report the accidental shooting and they were told by the lady with Remington who they spoke to that Remington was not aware of any other instances where a rifle had fired when the bolt was pushed forward, which was the necessary process in order to unload my grandfather's rifle. . . . Based on this conversation and knowing nothing further, we all believed that this tragic accident was simply my grandfather's fault even though he always swore his hand and fingers were nowhere near the trigger when he pushed the bolt forward and the gun fired.

18 (Casimir Decl. ¶5). The primary difficulty with the Casimir declaration is that it contains no
19 admissible evidence on the critical issue of whether there are present facts essential to justify her
20 opposition to Defendants' motion for summary judgment. Plaintiff declares that Jeannette Wilson,
21 deceased, and her grandfather, Michael Wilson, deceased, told her at some unidentified point in time
22 that "they" spoke with a "lady with Remington" who told them that she was unaware of any prior
23 instances of FBC. (Casimir Decl. ¶5). The declaration of Plaintiff is not admissible because it is not
24 based upon personal knowledge and contains hearsay within hearsay.  See Anheuser-Busch, Inc. v.
25 Natural Beverage Distrib., 69 F.3d 337, 335 n.1 (9th Cir. (1995) (inadmissible hearsay cannot be used
26 to defeat a summary judgment motion). Similarly, the declaration of attorney Todd. G. Riff is not

---

[2] The court notes that Plaintiff already possesses the majority of the documents it requests from Defendants. The documents were produced in the action of Hazelhurts v. Remington, Doc. 1055 No. 721 (D.C. Neb. 2006), Donohue Decl., Exh. B. (Rule 56(d) Motion at p. 3).

admissible for the same reasons. Rule 56(d) requires supporting declarations to be based upon personal knowledge and admissible in evidence. Fed.R.Civ.P. 56(c)(4); FRE 602, 802. Notably, Plaintiff does not contest the inadmissibility of this evidence. Moreover, the discovery sought by Plaintiff does not relate to the circumstances surrounding the November 29, 2000 shooting incident or the alleged telephone phone call made by Michael and Jeannette Wilson to Remington. Plaintiff fails to submit (1) any admissible evidence to support the inference that Remington took some affirmative action to conceal from her defects concerning the alleged defective rifle or (2) any admissible declaration in support of Plaintiff's Rule 56(d) motion.

The court highlights that the purpose of the statutes of limitations is to shield defendants and the judicial system from stale claims. "When plaintiffs sleep on their rights, evidence may be lost and memories may fade." Burns, 135 Wash.App. at 293. Here, nearly 12 years after the shooting incident, key witnesses have died and material evidence lost through the passage of time. The individual unloading the rifle at the time of the incident, Michael Wilson, is unavailable to provide testimony concerning the circumstances surrounding the discharge of the rifle or to provide testimony on the conversation held by him, or his wife, or both, with the "lady" at Remington. (Casimir Decl. ¶5). This evidence, made unavailable through the passage of time, is critical to understanding the events leading up to the shooting and to the lengthy delay in commencing this action. Similarly, Jeannette Wilson is unavailable to provide any testimony concerning the alleged representation that a representative of Remington fraudulently concealed the alleged defects with the Remington 700 Model rifle.

In apparent recognition that there is no admissible evidence to support the theory that Plaintiff was lulled into inaction by a representative of Remington, Plaintiff takes a broader approach.[3] Plaintiff appears to argue that the mere fact that Remington allegedly knew of the defects with the rifle is sufficient to constitute "[f]acts essential to justify Plaintiff's opposition to Defendants' summary judgment motion." (Rule 56(d) Motion at p.2). The difficulty with this argument is that a defendant must engage in some affirmative act of concealment. See August, 146 Wash.App. at 347. Under

---

[3] The court notes that the entirety of the discovery proposed by Plaintiff relates to the general theory that Remington did not disclose that "approximately 1% of [Remington's] bolt action rifles could fire without a trigger pull." (Riff Decl. ¶5). Plaintiff fails to identify how the sought-after discovery demonstrates facts essential to oppose summary judgment.

Plaintiff's view, an individual, in possession of all essential elements to a products liability claim, like those alleged here, need not act with reasonable diligence to discover the existence of a claim. Rather, a manufacturer may be liable decades after an injury-producing event simply because there is some likelihood that the product may contain a defect and the manufacturer did not disclose that fact. This unsupported argument is not persuasive.

It is well established that a "party must exercise reasonable diligence in pursuing a legal claim. If such diligence is not exercised in a timely manner, the cause of action will be barred by the statute of limitations. Clare, 129 Wash.App. at 467-68. An action accrues when a plaintiff knows or should know of the injury and relevant circumstances surrounding the injury. Gevaart v. Metco Const., Inc, 111 Wn.2d 499, 502 (1988). Here, the FAC's allegations establish that the decedent's injuries were known at the time of the shooting. Michael Wilson "swore" he did not pull the trigger and that the rifle discharged upon closing the bolt. (Casimir Decl. ¶5; FAC ¶18). These facts were known by the survivors of the estate of Alvin Wilson, Jr. in November 2000, almost 12 years before commencing the present action. (FAC ¶18). There is no evidence to suggest that Plaintiff took any steps to pursue a timely claim. Within the applicable three year limitations period, Plaintiff does not indicate that she spoke with an attorney, independently researched similar accidents, or took any other steps to pursue a claim even though she knew that Michael Wilson claimed he had not pulled the trigger. The only evidence of diligence is Plaintiff's declaration wherein she declares that a family member was watching a CNBC show in late 2010 that discussed Remington and FBC. Even though Plaintiff learned of the alleged defect in late 2010, the present action was not commenced until June 2012. In light of the absence of any admissible evidence of concealment by Remington and due diligence on the part of Plaintiff, the court concludes that there is no genuine issue of material fact with respect to fraudulent concealment, and finds that the present action is barred by the three year statute of limitations of   RCW 7.72.060(3).

/ / /

/ / /

/ / /

/ / /

1  In sum, the court denies Plaintiff's Rule 56(d) motion, finds the action time-barred by RCW 7.72.060(3). and grants summary judgment in favor of Defendants, and against Plaintiff.  The Clerk of Court is instructed to close the file.

**IT IS SO ORDERED.**

DATED: January 15, 2013

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:	All parties